**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| SBE LICENSING, LLC, | Civil Action No. 8:2020-cv-355 |
| Plaintiff, | **ORIGINAL COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| STEVEN GIANFILIPPO, FLIP HOLDINGS, LLC d/b/a FLIP HOLDINGS, GIANCO HYDE PARK LLC d/b/a GIANCO COMPANIES, and DOES 1-10, | |
| Defendants. | |

Plaintiff sbe Licensing, LLC ("Plaintiff" or "sbe") hereby brings this complaint for trademark infringement and unfair competition against the defendants Steven Gianfilippo, Flip Holdings, LLC d/b/a Flip Holdings, Gianco Hyde Park LLC d/b/a Gianco Companies and Does 1-10 (collectively, "Defendants"), based on the following allegations:

## NATURE OF THE ACTION

1.      Plaintiff is a renowned owner and operator of premier event spaces, hotels, condominiums, restaurants, nightclubs, lounges, and properties throughout the United States and internationally, including under the HYDE brand.  Among the many properties that Plaintiff owns, operates and/or licenses are its well-known and critically-acclaimed (i) HYDE event spaces, lounges, nightclubs, and restaurants, which are located in multiple locations, including in Miami, Los Angeles, and Las Vegas, (ii) the HYDE Resort and Residences in Hollywood, Florida; and (iii) the HYDE BEACH HOUSE hotel and condominium in Hollywood, Florida. Plaintiff also promotes services and events under the HAUS OF HYDE mark, including at its

award-winning HYDE BEACH venue in Miami, Florida.  Plaintiff's HYDE properties are highlighted by an award-winning mixology program and a menu of cuisines inspired by the local communities, and are celebrated for their style and energy.

2.      In the fall of 2019, one or more Defendants opened an event space and workspace establishment called HYDE HOUSE located in Tampa, Florida (the "HYDE HOUSE Establishment").

3.      Plaintiff has used the HYDE mark, HYDE BEACH HOUSE mark and HAUS OF HYDE mark prior to the opening of the HYDE HOUSE Establishment.

4.      Defendants' use of the HYDE HOUSE mark in connection with identical event services and related services is likely to cause consumers to mistakenly believe that Defendants' HYDE HOUSE Establishment is one of the many HYDE establishments operated by Plaintiff in the United States, or, at the very least, that the HYDE HOUSE Establishment is affiliated with or somehow associated with Plaintiff.

5.      Plaintiff brings this action to obtain injunctive relief for trademark infringement and unfair competition, among other claims, as a result of Defendants' unauthorized use of Plaintiff's registered HYDE mark in connection with identical services.

## JURISDICTION AND VENUE

6.      This case is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).

7.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of Florida pursuant to 28 U.S.C. §

1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c) because upon information and belief Defendants may be found in the Middle District of Florida and a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

9.      This Court has personal jurisdiction over Defendants because Defendants transact business and have other related activities within the Middle District of Florida; Defendants regularly do and solicit business and derive substantial revenue from doing business in this Judicial District; Defendants' HYDE HOUSE Establishment that is the subject of this litigation is located in this Judicial District; Defendants' services that are the subject of this litigation are and have been rendered in this Judicial District; and the claims alleged in this action arose in this Judicial District.

## PARTIES

10.      Plaintiff sbe Licensing, LLC is a limited liability company duly organized and existing pursuant to the laws of the State of Delaware with a principal place of business located at 131 Spring Street, 4th Floor, New York, New York 10012.

11.      Upon information and belief, defendant Steven Gianfilippo is an individual doing business in this judicial district at 4830 West Kennedy Boulevard, Suite 880, Tampa, Florida 33609.

12.      Upon information and belief, defendant Flip Holdings, LLC d/b/a Flip Holdings ("Flip Holdings") is a limited liability company duly organized and existing pursuant to the laws of the State of Florida with a principal place of business located at 4830 West Kennedy Boulevard, Suite 880, Tampa, Florida 33609.

13.     Upon information and belief, defendant Gianco Hyde Park LLC d/b/a Gianco Companies is a limited liability company duly organized and existing pursuant to the laws of the State of Florida with a principal place of business located at 4830 West Kennedy Boulevard, Suite 880, Tampa, Florida 33609.

14.     Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues each of those defendants by fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true name and capacity of each Doe defendant when ascertained.  For convenience, all references herein to "Defendants" shall be deemed to include all fictitiously named defendants, and each of them, unless otherwise specifically alleged.  Upon information and belief, Plaintiff alleges that each Doe defendant is, in some manner, legally responsible for the acts alleged in this Complaint and has proximately caused harm and injury to Plaintiff.

15.     Upon information and belief, Steven Gianfilippo, Flip Holdings, Gianco Hyde Park LLC d/b/a Gianco Companies and Does 1 through 10, inclusive, and each of them, were the agents, joint venturers, partners, representatives, or employees of each other and, in doing the things alleged herein, were acting within the course, purpose, and scope of their agency, joint venture, partnership, representation, or employment.  The acts, omissions, and conduct alleged herein of each such Defendant were known to, authorized, and ratified by each such other Defendant.  It is further alleged, in the alternative, that some or each of the Defendants acted at times independently of all other Defendants to cause damage and injury to Plaintiff.

16.     All references herein to "Defendants" shall be deemed to include all Defendants, and each of them, unless otherwise specifically alleged.

4

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     Plaintiff and Its Famous HYDE® Trademark

17.    Plaintiff is a renowned owner and operator of premier event spaces, hotels, restaurants, and nightclubs.  Plaintiff owns, operates and/or licenses, among other well-known properties, the world-famous HYDE event spaces, nightclubs and restaurants in Hollywood, South Beach, Hallandale Beach, at the Staples Center in Los Angeles, at the American Airlines Arena in Miami, and at the T-Mobile Arena in Las Vegas.

18.    Plaintiff's HYDE properties have enjoyed widespread unsolicited media attention as a result of their success, including articles in *The New York Times*, *The Los Angeles Times* and *The Wall Street Journal*.

19.    Plaintiff markets and promotes its HYDE properties throughout the United States, including online and in print media, and has expended substantial time, resources and effort in developing and obtaining a strong reputation in the marketplace and enormous goodwill in its federally registered HYDE mark.

20.    Plaintiff specifically markets and promotes its HYDE establishments in Florida, including, but not limited to, the following establishments located in Florida: (i) the HYDE BEACH establishment located at Plaintiff's SLS hotel in Miami, Florida; (ii) the HYDE Hotel & Residences in Midtown Miami, Florida, which features hotel rooms marketed under the names "HYDE Studio", "HYDE Suite" and "HYDE Corner Suite"; (iii) the HYDE establishment at AmericanAirlines Arena in Downtown Miami, Florida, which features "HYDE Signature" cocktails; (iv) the HYDE Resort & Residences in Hollywood, Florida; and (v) the HYDE BEACH HOUSE hotel and condominiums in Hollywood, Florida.

21.     Plaintiff also markets and promotes its HAUS OF HYDE event in Florida, which takes place at its HYDE BEACH establishment.

22.     Plaintiff regularly expands its HYDE brand to new locations. Plaintiff has current plans to develop and operate HYDE properties in additional cities throughout the United States and internationally.

23.     Plaintiff's HYDE properties have been awarded numerous awards and accolades over the years.  For over 15 years, individuals have recognized Plaintiff's HYDE properties for their authenticity, sophistication and innovation.

24.     As a result of the enormous time, effort and resources devoted to promoting its HYDE brands, sbe has built substantial and valuable goodwill symbolized by its HYDE names and marks, which are now among its most valuable assets.

25.     In addition to the strong, nationwide common law rights Plaintiff has developed in the HYDE mark through its continuous use of that mark since 2006, Plaintiff owns several federal trademark registrations for HYDE-formative marks including, but not limited to: (1) U.S. Reg. No. 4,304,156 for the HYDE mark for use in connection with Class 41 night clubs and Class 43 restaurant and bar services; (2) U.S. Reg. No. 4,896,506 for the HYDE mark for use in connection with Class 43 services including the rental of banquet and social function facilities for special occasions, the provision of facilities for conferences, exhibitions and conventions and rental and booking of rooms and meeting rooms, bar services, cocktail lounge services, and restaurant services; (3) U.S. Reg. No. 4,801,259 for the HYDE mark for use in connection with services in Class 35, 36 and 37, including real estate development and real estate marketing services; and (4) U.S Reg. No. 5,886,202 for the HYDE mark for use in connection with Class 43 services including providing social meeting, banquet, social function,

conference, exhibition and meeting facilities.  Plaintiff's registrations are for the HYDE mark in standard character form, which provides Plaintiff with the liberty to display its house mark in any style or font.

26.     True and correct copies of Plaintiff's registration certificates for U.S. Reg. Nos. 4,304,156; 4,896,506; 4,801,259; and 5,886,202 are attached hereto as Exhibit A.

27.     Plaintiff also has allowed federal trademark applications for several HYDE marks, including, but not limited to, EST. H. 2005 HYDE BEACH HOUSE, HOLLYWOOD, FLORIDA and Design, U.S. Serial No. 87/855,838 for use in connection with Class 43 services including the provision of social meeting, banquet, social function, conference, exhibition and meeting facilities.

28.     Plaintiff has also obtained registrations from the United States Patent & Trademark Office for the marks HYDE LOUNGE, HYDE BEACH, and HYDE RESORT & RESIDENCES, each for use in connection with nightclubs, restaurant and bar services, and real estate development services (U.S. Reg. Nos. 3,413,084; 4,299,423; 4,801,258; and 5,355,311), for the mark H HYDE LOUNGE & Design for use in connection with Class 43 restaurant and bar services (U.S. Reg. No. 3,245,583), and for the mark HYDE SOCIETY for use in connection with Class 35 services including promoting the goods and services of others by means of restaurant, bar and nightclub preferred customer programs (Reg. No. 5,356,371).  All of Plaintiff's HYDE-formative marks shall hereinafter collectively be referred to as the "HYDE Marks."

29.     Over the course of the past decade, several of the HYDE Marks have become famous and serve to identify Plaintiff as the sole source of high quality event spaces, lounges, restaurants and night club services rendered under the HYDE Marks.

30.     Plaintiff has achieved a prominent position in the event space industry, attributable to its successful HYDE lounges, restaurants, night clubs and other establishments and the high quality of and significant demand for services rendered under the HYDE Marks. The strength of the HYDE brand is reflected in the exponential sales growth of Plaintiff's HYDE establishments.

31.     The goodwill associated with the HYDE Marks is a commercial asset that is difficult to quantify.  By virtue of the wide renown acquired by the HYDE Marks, combined with the extensive sales at Plaintiff's HYDE establishments and marketing of services under the HYDE Marks, the HYDE Marks have acquired secondary meaning in the mind of the purchasing public and have become famous.

32.     Plaintiff operates and markets HYDE properties throughout Florida in connection with the terms HOUSE and HAUS, including using the marks HYDE BEACH HOUSE and HAUS OF HYDE in connection with such properties.

33.     Plaintiff's HYDE brand is closely associated with the terms "HOUSE" and "HAUS."

34.     Plaintiff also uses the term HOUSE in connection with its collection of luxury properties called THE HOUSE OF ORIGINALS, which includes one luxury property in Florida.

**B.      Defendants' Infringing Actions**

35.     One or more Defendants are the owners, operators and/or developers of the HYDE HOUSE Establishment.

36.     The HYDE HOUSE Establishment is located in Tampa, Florida.

37.     One or more Defendants opened the HYDE HOUSE Establishment in the fall of 2019.

38.     The HYDE HOUSE Establishment features multiple event spaces, a bar and a kitchen.

39.     One or more Defendants promote the HYDE HOUSE Establishment as an "event space" including, but not limited to, for weddings.

40.     One or more Defendants promote that the HYDE HOUSE Establishment has "6 event spaces" and a "300 person event capacity."

41.     One or more Defendants promote that the HYDE HOUSE Establishment has a bar and a kitchen.

42.     One or more Defendants promote that the HYDE HOUSE Establishment's kitchen may be used to "cater an event."

43.     The HYDE HOUSE Establishment has been used to host events including weddings.

44.     One   or   more   Defendants   own   and/or   operate   the   domain <hydehousetampa.com>.

45.     Defendant Steven Gianfilippo is the "Registrant" identified in the registration information for the domain <hydehousetampa.com>.

46.     Defendant Flip Holdings is the "Registrant Organization" identified in the registration information for the domain <hydehousetampa.com>.

47.     Defendants Steven Gianfilippo and Flip Holdings registered the domain name <hydehousetampa.com>.

48.     One or more Defendants promote the HYDE HOUSE Establishment through the website located at <hydehousetampa.com> (the "Website").

49.     One or more Defendants promote "co-working and event real estate" services in connection with the HYDE HOUSE mark on the Website.

50.     Upon information and belief, one or more Defendants own or operate social media accounts that use the HYDE HOUSE mark.

51.     Upon information and belief, one or more Defendants own, control and/or operate the Facebook page located at <facebook.com/hydehousetampa>.

52.     Upon information and belief, one or more Defendants own, control and/or operate the Instagram page located at <instagram.com/hydehousetampa>.

53.     The HYDE HOUSE Establishment is located in Florida, which is where Plaintiff owns, operates and licenses some of its HYDE establishments, including its HYDE BEACH HOUSE establishment.

54.     The HYDE HOUSE Establishment brazenly usurps Plaintiff's HYDE house mark as the dominant component of the name.

55.     Plaintiff has never authorized Defendants to market or render services in connection with the HYDE HOUSE mark.

56.     The HYDE HOUSE Establishment is likely to cause consumers to mistakenly believe that it is authorized, sponsored, endorsed or otherwise affiliated with Plaintiff.

57.     The likelihood of consumer confusion is heightened because one or more Defendants display the HYDE HOUSE mark in a stylization that is nearly identical to Plaintiff's stylization for its HYDE mark, and each include white lettering against a black background, as shown below:

    

*Plaintiff's Use of the HYDE Mark*          *Defendants' Use of the HYDE HOUSE Mark*

58.    Plaintiff's HYDE design mark creates the same commercial impression as Defendants' HYDE HOUSE design mark.

59.    Plaintiff and Defendants use the marks in connection with event space services.

60.    The likelihood of consumer confusion is further heightened because Plaintiff and Defendants target and render services to the same customers at their respective establishments.

61.    Upon information and belief, members of the HYDE HOUSE Establishment receive a discount at "Gianco Owned Hotels & Properties," thereby creating a connection between the HYDE HOUSE Establishment and hotels and other properties.  Such a connection further increases the likelihood of confusion with Plaintiff's properties, including its hotels and other properties.

62.    Upon information and belief, Defendants are aware of Plaintiff's HYDE mark and were aware of it before they engaged in the widespread use of the HYDE HOUSE mark in connection with identical event services and related services.

63.    Plaintiff sent a cease and desist letter dated November 27, 2019 to defendants Steven Gianfilippo and Gianco Hyde Park LLC d/b/a Gianco Companies requesting that they cease and desist their use of the HYDE mark and HYDE HOUSE mark.

64.    Plaintiff sent a follow-up cease and desist letter dated December 23, 2019 to defendants Steven Gianfilippo and Gianco Hyde Park LLC d/b/a Gianco Companies again requesting that they cease and desist their use of the HYDE mark and HYDE HOUSE mark.

65.     Despite receiving these two letters, Defendants never responded to the letters and never complied with Plaintiff's requests set forth in the letters.

66.     After receiving the letters, one or more Defendants continued to use the HYDE HOUSE mark, and/or one or more other names or marks incorporating the term HYDE, in connection with the event space services and related services.

67.     Defendants were on full notice of Plaintiff's objections to Defendants' use of the HYDE mark.

## C.     Plaintiff Is Suffering Irreparable Harm

68.     Defendants have undertaken activities in connection with the promotion and rendering of services that are likely to cause consumer confusion as to the source or origin of their services.

69.     Defendants' use of the HYDE HOUSE mark in connection with event space services, workspace services, a bar and kitchen, and related services, is likely to mislead consumers by giving the false impression that Plaintiff is associated with Defendants and their services, when in fact it is not.  Defendants' use of the HYDE HOUSE mark will likely cause consumers to mistakenly believe that the HYDE HOUSE Establishment is sponsored by, affiliated with, and/or authorized by Plaintiff.

70.     The likelihood of confusion, mistake, and deception created by Defendants' rendering of services in connection with the HYDE HOUSE mark are causing irreparable harm to Plaintiff and the goodwill associated with Plaintiff's HYDE brand name.

71.     Upon information and belief, Defendants know, and at all relevant times should have known, that consumers were likely to believe that Defendants' services rendered in

connection with the HYDE HOUSE mark were authorized, sanctioned or licensed by Plaintiff, even though they were not.

72.     Upon information and belief, Defendants undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship and quality of Defendants' services and to dilute the distinctiveness of Plaintiff's HYDE Marks.

73.     Upon information and belief, Defendants undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored or is somehow associated with Defendants' unauthorized services.

74.     Upon information and belief, Defendants adopted the HYDE HOUSE mark to, at a minimum, call to mind Plaintiff.

75.     Defendants' conduct described herein is intentional, willful and wanton.

76.     Defendants' conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

77.     Defendants' unlawful actions described herein commenced many years after Plaintiff began using the HYDE Marks (including the HYDE BEACH HOUSE and HAUS OF HYDE marks), many years after several of the HYDE Marks achieved worldwide fame, and many years after Plaintiff registered its HYDE Marks in the United States.

78.     Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the HYDE mark and brand because it has no control over Defendants' services.

79.     Plaintiff will also suffer irreparable harm because Defendants' use of the HYDE HOUSE mark dilutes the distinctiveness of Plaintiff's famous HYDE mark.

80.     Defendants' deceptive conduct is harming the public in addition to harming Plaintiff and the HYDE brand.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

81.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

82.     Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and marks incorporating the term HYDE, including, but not limited to, U.S. Reg. Nos. 4,304,156; 4,896,506; 3,245,583; 5,886,202; and 4,801,259.

83.     Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

84.     Plaintiff has used the HYDE Marks in connection with the terms HOUSE and HAUS, including, but not limited to, using the marks HYDE BEACH HOUSE and HAUS OF HYDE.

85.     Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

86.     Defendants have used in commerce, without Plaintiff's permission, the HYDE HOUSE mark and/or marks incorporating the term HYDE in a manner that is likely to cause either or both of the following: (i) confusion among consumers as to the source of Defendants' services, or (ii) a mistaken belief among consumers to the effect that there is an affiliation, connection, approval, sponsorship, or association of Plaintiff or Plaintiff's services and commercial activities, on the one hand, with Defendants or Defendants' respective services, or commercial activities, on the other hand.

87.     Defendants' acts constitute infringement of the registered HYDE Marks under 15 U.S.C. § 1114.

88.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has and will suffer irreparable damage to its trademarks, business reputation, and goodwill.

89.     Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

90.     Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

91.     Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and marks incorporating the term HYDE, including, but not limited to, U.S. Reg. Nos. 4,304,156; 4,896,506; 3,245,583; 5,886,202; and 4,801,259.

92.     Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

93.     Plaintiff has used the HYDE Marks in connection with the terms HOUSE and HAUS, including, but not limited to, using the marks HYDE BEACH HOUSE and HAUS OF HYDE.

94.     Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

95.     Defendants have used in commerce a mark that is identical or substantially similar to Plaintiff's HYDE Marks in connection with event space services that are identical to Plaintiff's services.

96.     Defendants' unlawful acts in appropriating rights in the HYDE Marks are and were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain.

97.     Defendants' unauthorized use of the HYDE HOUSE mark and/or marks incorporating the term HYDE has caused or is likely to cause confusion as to the source of Defendants' services, all to the detriment of Plaintiff.

98.     Defendants' conduct as alleged herein, including their unauthorized use of the HYDE HOUSE mark and/or marks incorporating the term HYDE in connection with event space services, work space services and related services, constitutes a false designation of origin as such conduct is likely to cause confusion or to deceive users and consumers as to the origin, sponsorship, affiliation, connection or association of Plaintiff with Defendants' services.

99.     Defendants' services offered under the HYDE HOUSE mark and/or marks incorporating the term HYDE are calculated and intended to deceive and are likely to deceive consumers into believing that they are Plaintiff's services or that Plaintiff is associated with the services.

100.    Defendants have chosen to present the HYDE HOUSE mark in the similar font and stylization that Plaintiff has depicted the HYDE Marks.

101.    Upon information and belief, Defendants are capitalizing on and profiting from the likely consumer confusion between their infringing services rendered in connection with the HYDE HOUSE mark and/or marks incorporating the term HYDE, on the one hand, and Plaintiff's services offered in connection with the HYDE Marks, on the other hand.

102.    Plaintiff does not now and has never sponsored or approved or authorized Defendants' use of the HYDE HOUSE mark, marks incorporating the term HYDE or other intellectual property.

16

103.   Upon information and belief, Defendants' conduct is willful, deliberate, and done with the intent to unfairly commercially benefit from the goodwill associated with Plaintiff, Plaintiff's HYDE brand, and Plaintiff's trademarks.

104.   The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

105.   Defendants' unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

106.   As a direct and proximate result of Defendants' wrongful acts, Plaintiff has and will suffer irreparable damage to its trademarks, business reputation, and goodwill.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their respective officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement and unfair competition.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
### 15  U.S.C. § 1125(d)

107.   Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

108.   Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of incontestable U.S. registrations for the HYDE Marks. *See* Ex. A.

109.   Defendant Flip Holdings is the identified registrant organization for the domain <hydehousetampa.com>.

110.   Defendant Steven Gianfilippo is an identified registrant for the domain <hydehousetampa.com>.

111.    The domain <hydehousetampa.com> is confusingly similar to Plaintiff's HYDE Marks.

112.    Upon information and belief, defendants Flip Holdings and Steven Gianfilippo registered the domain <hydehousetampa.com> with the bad faith intent to profit as evidenced by, *inter alia:* (i) its use of the HYDE mark in the domain in willful disregard of Plaintiff's rights; (ii) the domain consists of a distinctive mark that is associated with Plaintiff; (iii) Defendants are using the domain to perpetuate willful trademark infringement; and (iv) Defendants' infringing activities are commercial.

113.    Upon information and belief, Defendants committed these acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

114.    Defendants' acts have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court such irreparable harm will continue.

115.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation and goodwill. Defendants will continue to use, unless restrained, the HYDE mark and/or marks confusingly similar to the HYDE mark, including the HYDE HOUSE mark, and will cause irreparable damage to Plaintiff.

116.    Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, and their respective officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

117.    Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts.

118.    Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their wrongful acts.

119.    Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

**FOURTH CAUSE OF ACTION**
**FLORIDA COMMON LAW TRADEMARK INFRINGEMENT**

120.    Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

121.    This is a claim for Florida common law trademark infringement.

122.    Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and marks incorporating the term HYDE, including, but not limited to, U.S. Reg. Nos. 4,304,156; 4,896,506; 3,245,583; 5,886,202; and 4,801,259.

123.    Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

124.    Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

125.    Plaintiff's HYDE Marks have been extensively advertised and promoted throughout the United States.

126.    Plaintiff's HYDE Marks are recognized throughout the United States by the purchasing public.

127.    By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial

District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of Florida.

128.   Defendants have irreparably injured Plaintiff.

129.   Such irreparable injury, for which Plaintiff has no adequate remedy at law, will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights.

## FIFTH CAUSE OF ACTION
## FLORIDA COMMON LAW UNFAIR COMPETITION

130.   Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

131.   This is a claim for unfair competition arising under Florida common law.

132.   Plaintiff owns right, title and interest in and to the HYDE Marks and is the owner of U.S. registrations for the HYDE mark and marks incorporating the term HYDE, including, but not limited to, U.S. Reg. Nos. 4,304,156; 4,896,506; 3,245,583; 5,886,202; and 4,801,259.

133.   Plaintiff enjoys strong common law rights in the HYDE Marks by virtue of its long and continuous use of the marks in U.S. commerce.

134.   Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the HYDE Marks.

135.   Defendants' acts complained of herein constitute unfair competition under Florida common law.

136.   By virtue of the acts complained of herein, Defendants have willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Plaintiff in violation of the common law of the State of Florida.

137.  Defendants have irreparably injured Plaintiff.  Such irreparable injury, for which Plaintiff has no adequate remedy at law, will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights.

## SIXTH CAUSE OF ACTION
### FLORIDA STATUTORY DECEPTIVE TRADE PRACTICES
### (Fla. Stat. Ann. § 501.204)

138.  Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

139.  This is a claim for deceptive trade practices, arising under Fla. Stat. Ann. § 501.204 and Florida common law.

140.  Upon information and belief, Defendants are in direct competition with Plaintiff.

141.  Defendants' acts complained of herein, constitute deceptive trade practices under Fla. Stat. Ann. § 501.204.

142.  Defendants' acts constitute unlawful, unfair, malicious, and/or fraudulent business practices.

143.  Plaintiff has suffered injury in fact as a result of Defendants' actions in the form of diverted sales and/or injury to its business, reputation, and goodwill.

144.  Due to the conduct of the Defendants, Plaintiff has suffered and will continue to suffer irreparable harm.

145.  It would be difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendants' acts and continuing acts.  Plaintiff's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendants.

146.    Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief pursuant to Fla. Stat. Ann. § 501.204.

**SEVENTH CAUSE OF ACTION**
**MISLEADING ADVERTISING UNDER FLORIDA LAW**
**(Fla. Stat. Ann. § 817.41)**

147.    Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

148.    This is a claim for misleading advertising, arising under Fla. Stat. Ann. § 817.41 and Florida common law.

149.    By misappropriating and using the identical and therefore confusingly similar HYDE mark, Defendants have falsely and misleadingly designated and/or falsely and misleadingly represented that the services they promote, advertise, and/or render originate from, are endorsed by, are connected with, authorized by, or otherwise associated with Plaintiff, who owns federal registrations for its HYDE Marks.

150.    Defendants' promotion, advertising, and/or rendering of their services under and in connection with the HYDE HOUSE mark, together with Defendants' use of other indicia associated with Plaintiff's HYDE Marks, is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade in Florida.

151.    Defendants' actions have been willful, deliberate, and intended to benefit Defendants at Plaintiff's expense.

152.    Defendants' actions constitute misleading advertising in violation of Section 817.41 of the Florida statutes.

153.    Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff, and will continue to so harm Plaintiff unless preliminarily and permanently enjoined.

154.    Furthermore, Defendants are realizing profit and will continue to realize a profit from their unlawful actions. Defendants' unlawful actions are causing and will cause Plaintiff monetary damage in amounts to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.    That each of Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from using, affixing, offering for sale, selling, advertising and promoting goods and rendering services in connection with the HYDE mark, or any trade name or mark confusingly similar to the HYDE mark, including, but not limited to, the HYDE HOUSE mark.

B.    That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from use of any false descriptions or representations or any false designations of origin or from otherwise committing any acts of unfair competition with respect to Plaintiff and the HYDE mark by using the HYDE mark and/or any trade name or mark confusingly similar to the HYDE mark, including, but not limited to, the HYDE HOUSE mark, without the authorization of Plaintiff.

C.    That Defendants and their parents, subsidiaries and affiliated companies, their respective officers, agents, directors, employees, shareholders and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction by

personal service or otherwise, be preliminary and permanently enjoined from diluting the distinctiveness and goodwill established by Plaintiff in the HYDE mark by using the HYDE mark or any other similar mark including, but not limited to, the HYDE HOUSE mark.

D.     That all goods, products, signs, bags, labels, brochures, advertising and promotional material bearing the HYDE mark, including, but not limited to, material bearing the HYDE HOUSE mark, in Defendants' possession or subject to Defendants' control or direction be delivered to Plaintiff's counsel for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E.     That Defendants be ordered to report to the Court, in writing under oath with a copy to Plaintiff's attorneys within 30 days of service of notice of any Orders issued hereunder, setting forth in detail the manner and form in which Defendants have complied with any such Order.

F.     That the Court order that Defendants transfer the domain name <hydehousetampa.com>, and any other domain names incorporating the term HYDE, to Plaintiff.

G.     That the Court order that Defendants deactivate the social media accounts located at <facebook.com/hydehousetampa> and <instagram.com/hydehousetampa>, and any other social media accounts incorporating trademarks that are confusingly similar to or dilutive of Plaintiff's HYDE Marks, including, but not limited to, any social media accounts incorporating the term HYDE and/or HYDE HOUSE.

H.     That the Court award an accounting to Plaintiff for the gains and profits of Defendants, and that such award be trebled as permitted by 15 U.S.C. § 1117(a).

I.     That the Court award Plaintiff such damages and exemplary damages as may be

24

proved at trial, and that such award be trebled as permitted by 15 U.S.C. § 1117(a).

  J.  That Defendants be required to pay Plaintiff its costs in this action, including reasonable attorneys' fees, as authorized by 15 U.S.C. § 1117(a).

  K.  That Plaintiff be granted such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated: February 13, 2020  By:  */s/ James G. Sammataro*
             James G. Sammataro (FL Bar No. 520292)
             Brendan Everman (FL Bar No. 68702)
             **PRYOR CASHMAN LLP**
             201 South Biscayne Boulevard, 27th Floor
             Miami, FL 33131
             Telephone: (786) 582-3011
             *jsammataro@pryorcashman.com*
             *beverman@pryorcashman.com*

             Dyan Finguerra-DuCharme
             (*pro hac vice admission pending*)
             Ryan S. Klarberg
             (*pro hac vice admission pending*)
             **PRYOR CASHMAN LLP**
             7 Times Square
             New York, New York 10036
             Telephone: (212) 421-4100
             Fax: (212) 798-6928
             *dfinguerra-ducharme@pryorcashman.com*
             *rklarberg@pryorcashman.com*

             *Attorneys for Plaintiff*
             *sbe Licensing, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*s/ James G. Sammataro*

James G. Sammataro